# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NERI MANASSAH HAMID TAWFIQ, <br> Appellant, | DOCKET NUMBER <br> CH-315H-21-0233-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, <br> Agency. | DATE: August 27, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Neri Manassah Hamid Tawfiq</u>, Saginaw, Michigan, pro se.

<u>Gregory White</u>, Esquire, Detroit, Michigan, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).  We FORWARD his newly raised claim of discrimination based on his status as a veteran to the regional office for docketing as a new appeal under the Uniformed Services Employment and Reemployment Rights Act (USERRA).

## BACKGROUND

The appellant was appointed to a Staff Pharmacist position in the excepted service on November 22, 2020, subject to the completion of a 1-year probationary period.  Initial Appeal File (IAF), Tab 7 at 45, 47.  On March 23, 2021, the agency terminated the appellant during his probationary period due to conduct issues.  IAF, Tab 2 at 1-3, Tab 7 at 26, 28-31.  The appellant subsequently filed a Board appeal alleging that the termination was based on false accusations and discrimination based on race and color.  IAF, Tab 1 at 6.  Although the appellant claimed that he was in the competitive service, the administrative judge noted that it appeared he was hired in the excepted service, informed the appellant of how to establish jurisdiction over his probationary termination accordingly, and ordered him to file evidence and argument establishing a nonfrivolous allegation of Board

jurisdiction. IAF, Tab 1 at 1, Tab 6 at 1-7. The appellant did not respond to this jurisdictional order.

The administrative judge subsequently issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID) at 1. Specifically, the administrative judge found that the appellant was in a probationary period and had not completed the current continuous service requisite for Board jurisdiction. ID at 2-4. She further found that the appellant did not allege that his termination was for preappointment reasons or that his termination was procedurally deficient. ID at 3-4. Finally, the administrative judge found that, absent an otherwise appealable action, the Board lacked jurisdiction over the appellant's claims of discrimination. ID at 4.

The appellant has filed a petition for review, generally arguing the merits of the agency's termination action and reraising his discrimination claims. Petition for Review (PFR) File, Tab 1 at 4-5. He additionally attaches new evidence on review, including a hotline complaint to the agency's Office of Inspector General and various emails regarding his termination. *Id.* at 6-27. The agency has responded to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge found that the appellant failed to establish that he was an "employee" for purposes of Board jurisdiction over adverse actions under 5 U.S.C. chapter 75. ID at 2-4. The appellant does not challenge this finding on review, and we decline to disturb it. A preference-eligible individual in the excepted service is an employee for purposes of Board jurisdiction only if he has completed 1 year of current continuous service in the same or similar positions. 5 U.S.C. § 7511(a)(1)(B); *Allen v. Department of the Navy*, 102 M.S.P.R. 302, ¶¶ 7-9 (2006). The appellant asserted that he is a preference-eligible veteran, and the record reflects that his veteran status renders him a preference eligible. 5 U.S.C. § 2108(3); IAF, Tab 1 at 1, 6, Tab 7 at 26, 45. Nonetheless, the

appellant worked for the agency for only 4 months before he was terminated. IAF, Tab 7 at 26-28, 47. On his appeal form, the appellant claimed to have 2 years and 2 months of Government service. IAF, Tab 1 at 1. However, he has not further explained this bare assertion, and he has failed to allege any facts about any prior civilian service that, if proven, could establish that he had completed 1 year of current continuous service in the same or similar positions. 5 C.F.R. § 1201.4(s) (defining a nonfrivolous allegation as an assertion that, if proven, could establish the matter at issue). Thus, we find no basis to disturb the administrative judge's conclusion that the appellant failed to make a nonfrivolous allegation that he was an "employee" with Board appeal rights under 5 U.S.C. chapter 75. *See* 5 U.S.C. § 7511(a)(1)(B); *Allen*, 102 M.S.P.R. 302, ¶ 9.

The appellant challenges the merits of the agency's termination, arguing that it was unlawful and based on false accusations, and that the agency failed to investigate the truth of any accusations. PFR File, Tab 1 at 4-5. These arguments pertain to the merits of the agency's action and do not address the jurisdictional issue. The Board must first resolve the threshold issue of jurisdiction before proceeding to the merits of an appeal. *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 11 (2009). The appellant additionally argues that the removal was discriminatorily based on race and color, and that the agency created a hostile work environment. PFR File, Tab 1 at 4-5. It is well established, however, that the Board lacks jurisdiction to hear claims of discrimination absent an otherwise appealable action. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982).

In sum, we find that the administrative judge properly dismissed the appellant's appeal for lack of jurisdiction. However, for the first time on review, the appellant appears to assert that his termination was discrimination based on his status as a veteran, which could be a violation of USERRA.[2] PFR File, Tab 1

---

[2] The appellant referenced being a disabled veteran in his initial appeal, but he made no allegation that the termination was based on his status as a veteran sufficient to prompt the administrative judge to address the issue. IAF, Tab 1 at 6.

at 4-5, 7; *see* 38 U.S.C. § 4311(a). The Board applies a liberal approach to USERRA jurisdiction, and an appellant need only allege that (1) he served in the military, (2) he was denied initial employment, reemployment, retention in employment, promotion, or a benefit of employment, and (3) the denial was due to his service in the military. *Beck v. Department of the Navy*, 120 M.S.P.R. 504, ¶ 8 (2014). Because the Board may have jurisdiction over the appellant's USERRA claim, we forward this matter to the Central Regional Office for processing as a separate USERRA appeal. *See Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 20 (2011) (forwarding a USERRA claim to the regional office for docketing); *see also Roberson v. U.S. Postal Service*, 77 M.S.P.R. 569, 571 (1998) (finding that individuals who have not completed 1 year of current continuous service in the same or similar positions may nonetheless qualify as "persons" under USERRA and thus are not excluded from filing appeals under the provisions of that statute); 5 C.F.R. § 1208.12 (stating that there is no time limit for filing a USERRA appeal with the Board). The Board would be exercising its jurisdiction over this new appeal as a complaint under 38 U.S.C. § 4324(c), and thus any future adjudication will be limited to consideration of the appellant's claim under USERRA. *See Nahoney v. U.S. Postal Service*, 112 M.S.P.R. 93, ¶ 20 (2009).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.